*Shabazz v. Bailey*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

MICHAEL AZIZ ZARIF SHABAZZ,

> *Plaintiff-Appellant,*

> v.                                                                              23-7252

MARK BAILEY, Correction Officer,

> *Defendant-Appellee.**

––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––
\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR PLAINTIFF-APPELLANT:                          MICHAEL AZIZ ZARIF SHABAZZ, *pro se*, Mount Vernon, NY.

FOR DEFENDANT-APPELLEE:                          SEAN P. MIX (Barbara D. Underwood & Andrea Oser, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from an August 31, 2023 judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Michael Aziz Zarif Shabazz ("Shabazz") filed a *pro se* complaint under 42 U.S.C. § 1983 alleging, *inter alia*, that Defendant-Appellee Correctional Officer Mark Bailey ("Bailey") poisoned his food and then ignored his requests for medical attention, in violation of his Eighth Amendment rights. The case was transferred from the Southern to the Northern District of New York, as it was determined to be the proper venue.

Bailey moved for summary judgment. A magistrate judge recommended that the district court grant summary judgment, reasoning that Shabazz had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), *see* 42 U.S.C. § 1997e(a), and had failed to raise an issue of material fact as to the availability of those

2

remedies. Prison records showed that Shabazz had filed a grievance related to the allegations in his complaint and that the grievance was denied, but there was no record of Shabazz appealing the grievance to the Central Office Review Committee ("CORC") as required under New York law. *See* N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)–(d); *Shabazz v. Bailey*, No. 9:20-cv-57, 2023 WL 5779533, at *5–8 (N.D.N.Y. June 28, 2023). The district court adopted the report and recommendation over Shabazz's objections and dismissed the complaint with prejudice. *See Shabazz v. Bailey*, No. 9:20-cv-57-LEK-TWD, 2023 WL 5622049, at *5 (N.D.N.Y. Aug. 31, 2023). Shabazz appealed. We assume the parties' familiarity with the other relevant facts, the procedural history, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*. *See Kowalchuck v. Metro. Transportation Auth.*, 94 F.4th 210, 214 (2d Cir. 2024). Shabazz repeats on appeal the conclusory arguments presented to the district court that (1) he "invariably appealed all internal governmental decisions"; and (2) prison guards and authorities regularly intercepted and destroyed his mail. Appellant Br. 11, 12-13. But, as below, Shabazz does not cite any evidence that he in fact appealed the denial of his grievance to the CORC or that prison officials interfered with his ability to file an appeal. As a result, Shabazz has not demonstrated the existence of a factual dispute that he satisfied the PLRA's requirement that he first exhaust all available administrative remedies in "compliance with [the] agency's deadlines and other critical procedural rules," *Woodford v. Ngo*, 548

3

U.S. 81, 90 (2006), before bringing a lawsuit in federal court, *see Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (holding that once defendant has met "initial burden" of demonstrating "that a grievance process exists[,] . . . if the plaintiff can demonstrate that other factors—for example, threats from correction officers—rendered a nominally available procedure unavailable as a matter of fact," failure to exhaust may be excused).

Shabazz's arguments that the district court erred by denying transfer to the Southern District and refusing to compel discovery also fail. We review a district court's venue transfer decisions and discovery orders for abuse of discretion. *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (venue transfer); *Clark v. Hanley*, 89 F.4th 78, 91 (2d Cir. 2023) (discovery). "A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or when its decision . . . cannot be located within the range of permissible decisions." *United States v. Pilcher*, 950 F.3d 39, 41–42 (2d Cir. 2020) (internal quotation marks and alteration omitted). The Northern and Southern District Courts correctly determined that the Northern District was the proper venue because the relevant events occurred at Upstate Correctional Facility, located in Franklin County, New York, which falls within the Northern District; therefore, the initial transfer to the Northern District was proper. Shabazz's allegations of bias in support of his request that his case be transferred back to the Southern District are wholly conclusory

4

and indicate no abuse of discretion by the district court. Finally, as to discovery, Shabazz does not identify any order of the district court from which he appeals, let alone identify any error. Nor does he explain how the evidence he sought could defeat defendant's motion for summary judgment premised on Shabazz's failure to exhaust his administrative remedies. Accordingly, we identify no abuse of discretion.

We have considered Shabazz's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5